### TOWNSHEND *v.* O'BOGERT.

*(Superior Court of New York City, General Term.* January 5, 1891.)

1. PARTITION—PLEADING.

   Code Civil Proc. N. Y. provides, (section 1539) that a person may be made defendant in partition where he has a lien or interest which attaches to the entire property, or (section 1540) where he has a lien on an undivided share or interest in the property. *Held,* that a complaint in partition, alleging that one of the defendants claims some "right, title, or interest in said premises, the exact nature of which is unknown to plaintiff, and which is a cloud upon the title to said premises," shows no cause of action against the defendant.

2. SAME—PARTIES.

   Code Civil Proc. N. Y. provides (section 447) that any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of the question involved therein. *Held,* that plaintiff in partition cannot, under this provision, make a person a party who claims adversely to the plaintiff's title, and compel him to litigate his interest in the property in such an action.

Appeal from special term.

Action by John Townshend against Caroline O'Bogert. From a judgment overruling a demurrer to the complaint, defendant appeals.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*John S. Davenport,* for appellant. *John Townshend,* for respondent.

INGRAHAM, J. The action is for a partition of real property. The complaint alleged that the property described is held in common by the plaintiff and the defendants, Townshend and Lockwood, and that the defendant appellant claims some "right, title, or interest in said premises, the exact nature of which is unknown to plaintiff, and which is a cloud upon the title to said premises." Judgment is demanded for a sale of the property, and that the

proceeds thereof be divided among the parties named as the owners thereof, and that it be adjudged that this defendant has not a right, title, or interest, claim or demand, for, to, or in or upon or against said premises, or any part thereof, and that the defendants, and all persons claiming under or through them, be barred of all right, title, and interest in said premises, in possession, reversion, remainder, or otherwise.

This defendant demurs on the grounds—*First*, that the complaint fails to state facts constituting a cause of action against this defendant; and, *second*, that causes of action have been improperly united. If the action be considered as an action of partition only, I do not think the complaint states a cause of action against the appellant. Actions of partition are regulated by the Code of Civil Procedure, section 1532 to section 1595, inclusive. Sections 1538 to 1540, inclusive, contain the provisions as to the proper parties to such an action. Section 1538 provides who must be made parties. The provisions of that section do not apply to this defendant. Section 1539 provides that plaintiff may, at his election, make a tenant in dower, or by curtesy, or for life, or for years, of the entire property, or a person having a lien or interest which attaches to the entire property, a defendant in the action; and section 1540 provides that a person having a lien on an undivided share or interest in the property may be made a defendant. It will be seen that no provision is made for making a person who merely claims an interest in the property a party. Before a person can be made a proper party to such an action, he must either have an estate in the premises, or in some portion thereof, or he must have a lien or interest which attaches to the entire property, or to an undivided share or interest therein, and the share or interest of each defendant must appear from the complaint. Nor do I think that section 447 of the Code allows the plaintiff in an action of partition to make a person who claims adversely to the plaintiff's title a party, and compel him to litigate his interest in the property in such an action. That section provides that any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of a question involved therein. There is no controversy involved in this action in which a person who claims adversely to the title of the plaintiff and his co-tenants in common has an interest. The action is not to determine the title to real property, or to ascertain who holds the legal title. It is well settled that an action for partition cannot be made a substitute for an action of ejectment, or other action to establish the legal title of adverse claimants to real property, (*Van Schuyver* v. *Mulford*, 59 N. Y. 430; *Esterbrook* v. *Savage*, 21 Hun, 151;) and no such issue can be tried in such an action. There is no controversy therein in which a person who has a claim to the property adverse to the plaintiff's title has an interest. The allegations of the complaint are not sufficient to maintain an action to declare the interest claimed by this defendant a cloud upon the title, or an action to compel the determination of a claim, to real property; but, if the allegation were sufficient, it is clear that neither of these causes of action could be joined with a cause of action for a partition. I think, therefore, that the order and judgment appealed from should be reversed, and the demurrer sustained.